```
 1  SCOTT N. SCHOOLS, SC SBN 9990
    United States Attorney
 2  JOANN M. SWANSON, CSBN 88143
    Assistant United States Attorney
 3  Chief, Civil Division
    ILA C. DEISS, NY SBN 3052909
 4  Assistant United States Attorney

 5     450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102
 6     Telephone: (415) 436-7124
       FAX: (415) 436-7169
 7
    Attorneys for Defendants
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARSHA REDDY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ROBERT S. MULLER, III, Director, Federal Bureau of Investigation; MICHAEL CHERTOFF, Department of Homeland Security; FRANCIS D. SICILIANO, Field Office Director, U.S. Citizenship and Immigration Services; ROSEMARY MELVILLE, District Field Director, U.S. Citizenship and Immigration Services,<br><br>　　　　Defendants. | No. C 07-3925 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; and PROPOSED ORDER** |

**1. Jurisdiction and Service**

The basis for this Court's jurisdiction is 8 U.S.C. § 1447(b), which provides that if the United States Citizenship and Immigration Services (USCIS) has failed to make a determination on an individual's application for naturalization within 120 days after the date on which the applicant is examined, the applicant may apply to the United States District Court for a hearing on the matter. The District Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b); *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004); *Zhai v. USCIS*, 2004 WL 1960195 (N.D. Cal.

Joint Case Management Conference Statement
C07-3925 JF                                                    1

2004). The parties do not dispute that venue is proper in this district. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts**

The plaintiff is a lawful permanent resident of the United States who filed an application for naturalization with USCIS on January 9, 2003. The USCIS has not yet adjudicated plaintiff's naturalization application. Plaintiff's name check remains pending with the Federal Bureau of Investigation. USCIS asked that the name check be expedited in August 2007.

**3. Legal Issues**

1. Whether the USCIS or this Court may adjudicate a naturalization application before all of the necessary background checks of the applicant have been completed.

2. Whether this Court may compel the USCIS to adjudicate a naturalization case within a certain time frame when the USCIS has failed to make a decision within the statutory 120-day period after the date of the initial examination of the application.

**4. Motions**

The defendants will file a motion asking this Court to remand this matter back to USCIS with instruction to adjudicate the application for naturalization promptly upon receipt of the FBI background check. The plaintiff will ask that the Court direct defendants to act within a time certain.

**5. Amendment of Pleadings**

No parties, claims or defenses are expected to be added or dismissed.

**6. Evidence Preservation**

The parties do not have any evidence that falls within this category.

**7. Disclosures**

The parties believe that the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to this case.

**8. Discovery**

The parties do not intend to take any discovery in this case at this time.

///

1  **9. Class Actions**
2  N/A
3  **10. Related Cases**
4  The parties are not aware of any related case or cases.
5  **11. Relief**
6  The plaintiff asks this Court to direct defendants to adjudicate his application for
7  naturalization.
8  **12. Settlement and ADR**
9  The Court granted the parties' request to be exempt from the formal ADR process on October
10  22, 2007.
11  **13. Consent to Magistrate Judge for All Purposes**
12  The parties will consent to the assignment of this case to a magistrate judge.
13  **14. Other References**:
14  The parties do not believe that this case is suitable for reference to binding arbitration, a
15  special master, or the Judicial Panel on Multidistrict Litigation.
16  **15. Narrowing of Issues**
17  The parties do not believe that the issues can be narrowed by agreement or by motion, and do
18  not have suggestions to expedite the presentation of evidence at trial (e.g., through summaries or
19  stipulated facts), and any request to bifurcate issues, claims or defenses.
20  **16. Expedited Schedule**
21  The defendants believe this case can be resolved on their motion to remand.
22  **17. Scheduling**
23  The parties propose the following schedule on the defendants' motion to remand.
24  Defendants' Motion to Remand:           January 25, 2008
25  Plaintiff's Opposition:                 February 8, 2008
26  Hearing:                                February 29, 2008 at 9:00 a.m.
27  **18. Trial**
28  The parties believe this matter can be resolved through motions.  If the Court denies the motion

Joint Case Management Conference Statement
C07-3925 JF                                    3

to remand, the parties will request a trial date.

**19. Disclosure of Non-Party Interested Entities or Persons**:

The Plaintiff intends to file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

Should the Court approve this joint case management statement, the parties ask that the case management conference set for January 4, 2008, be vacated.

Dated: December 28, 2007					Respectfully submitted,

								SCOTT N. SCHOOLS
								United States Attorney


								_____/s/_____
								ILA C. DEISS
								Assistant United States Attorney
								Attorneys for Defendants


Dated: December 28, 2007					_____/s/_____
								BERNADETTE W. CONNOLLY
								Attorney for Plaintiff

## ORDER

The Joint Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.


Dated: 								_____
								JEREMY FOGEL
								United States District Judge

Joint Case Management Conference Statement
C07-3925 JF					4