United States District Court
For the Northern District of California

*E-filed 3/7/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARSHA REDDY, | Case No. C07-03925 HRL |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANTS' MOTION TO REMAND** |
| ROBERT S. MUELLER III, Director, Federal Bureau of Investigation; et al. | |
| Defendants. | Re: Docket No. 17 |

Defendants' motion to remand the case is scheduled for a hearing on March 18, 2007.[1] However, this matter is appropriate for resolution without oral argument and so that hearing is now VACATED. Civil Local Rule 7-1(b).

## I. BACKGROUND

Plaintiff Harsha Reddy has been a lawful permanent resident of the United States since 1980. Quizon Decl. ¶ 12. He applied for naturalization on February 27, 2006 and was interviewed by the United States Citizen and Immigration Services (USCIS) on July 11, 2006. *Id*. When he filed his complaint on July 31, 2007, USCIS had still not issued a decision on his naturalization application. Apparently, Plaintiff's application is ready to be adjudicated except for his pending background and security check. *Id*. That security check is waiting on

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that this matter may be heard and finally adjudicated by the undersigned.

completion of Reddy's Federal Bureau of Investigation (FBI) "name check." [2] Shortly after Plaintiff filed the instant action, USCIS requested that the FBI expedite its completion of Reddy's name check. *Id.* Despite that request, it remains pending. Cannon Decl. ¶ 41.

Defendants now move to remand this matter back to USCIS with instructions to adjudicate the naturalization application promptly upon receipt of the FBI name check. (Mot. pg. 7). Plaintiff does not object to the case being remanded, but requests that such an order direct USCIS to adjudicate the application within ninety days. (Opp. pg. 1-2).

## II. JURISDICTION

If USCIS fails to make a determination on an individual's application for naturalization within 120 days after the applicant is examined, that individual may apply to the United States District Court for a hearing on the matter. 8 U.S.C. § 1447(b). Here, over a year passed between Reddy's interview and his filing of the complaint. Therefore, jurisdiction has been conferred to this court to decide the matter.

## III. ORDER REMANDING WITH INSTRUCTIONS

When an applicant files such a complaint, the court has the option of either deciding the matter or remanding it "with appropriate instructions," to USCIS for determination. 8 U.S.C. § 1447(b). Since USCIS processed Plaintiff's application, conducted his interview and orchestrated his background investigation, we agree with both parties that USCIS is the government entity best equipped to adjudicate Reddy's application. Accordingly, the motion to remand is GRANTED as to this aspect.

However, the "appropriate instruction" determination is a more difficult question. Congress has made criminal background checks a prerequisite to the adjudication of an

---

[2] The FBI name check is one of several forms of security checks that must be completed as part of the naturalization application process. Other security checks include: (1) an FBI fingerprint check for information related to an applicant's criminal history; (2) an Interagency Border Inspection System name check for information regarding national security risks; and (3) a Homeland Security record check. *See* Quizon Decl. ¶ 3; April 26, 2006 USCIS "Fact Sheet: Immigration Security Checks - How and Why the Process Works."

2

application for naturalization. *See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub.L. No. 105-119, Title I, 111 Stat. 2440, 2448 (1997), *reprinted in* Historical and Statutory Notes following INA § 335, 8 U.S.C. § 1446. The evidence submitted by the government indicates that the administrative burden of processing name checks is considerable. Cannon Decl., ¶¶ 21-23.

Yet, although this court appreciates the administrative burden faced by defendants, it does not find that assertions of overwork alone are sufficient to justify substantial delays. *See Yu v. Brown*, 36 F. Supp.2d 922, 934 (D.N.M. 1999) ("[D]elays of [a significant] magnitude, particularly when they occur over uncomplicated matters of great importance to the individuals involved, may not be justified merely by assertions of overwork.") (citations omitted). There has been no particularized showing that Reddy's application is especially complex or presents any national security concerns.

Furthermore, courts in this district have found that when an application for lawful permanent residency has been pending for more than two years, such a delay is unreasonable. *See e.g., Gelfer v. Chertoff*, C06-06724 WHA, 2007 WL 902382, *1 (N.D. Cal. 2007). This is notable because the statute underlying lawful permanent resident status determinations, unlike the one for naturalization, does not mandate a certain time frame for adjudication.[3] It follows then, that where a naturalization application has been pending for two years (as is the case here), it is appropriate to remand the case with instructions to adjudicate by a particular deadline.

As such, **USCIS shall have until June 4, 2008 to adjudicate Reddy's application** for naturalization. By that date, Defendants shall file an affidavit with the court demonstrating compliance. This case shall remain open pending receipt of that affidavit.

**IT IS SO ORDERED.**

Dated:   3/7/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] *Cf.* 8 U.S.C. § 1571(b) (suggesting a 180 day timetable for processing immigration benefits application) with 8 U.S.C. § 1447(b) (120 day processing deadline).

3

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Bernadette Willeke Connolly bwconnolly@aol.com

Ila Casy Deiss ila.deiss@usdoj.gov, tiffani.chiu@usdoj.gov

Carole M Mesrobian cmesrobian@mesrolaw.com

Dated: 3/7/08

                                                /s/ KRO

                                       Chambers of Magistrate Judge Howard R. Lloyd

**United States District Court**
For the Northern District of California